IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINA BARRON, | ) | CASE NO. 1:11 CV 1438 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Regina Barron under 42 U.S.C. § 405(g) for judicial review of a decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits (DIB).[2] The Commissioner has filed an answer[3] and the administrative record.[4] Pursuant to my initial order,[5] each party has briefed its

---

[1] The parties have consented to my exercise of jurisdiction (ECF # 13), and accordingly United States District Judge Solomon Oliver, Jr. has transferred the matter to me for further proceedings. ECF # 15.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

position[6] and filed supplemental fact sheets[7] or charts.[8] The parties have participated in an oral argument.[9]

For the reasons that follow, I will find that the decision of the Commissioner is supported by substantial evidence and thus that decision will be affirmed.

## Facts

### A. The decision of the Administrative Law Judge (ALJ)

The record shows that Barron, who was 59 years old at the time of the hearing, attended college for two and a half years and completed training in data entry.[10] Barron said she was unmarried, lives alone, and last worked for a single day in 2010 for the U.S. Census.[11] Prior to that job, she last worked in 2005 for a temporary agency.[12] In addition, Barron testified that, although she abused cocaine in the past, she had successfully completed a drug treatment program and was currently not using drugs.[13]

---

[6] ECF # 18 (Barron's brief); ECF # 23 (Commissioner's brief).

[7] ECF # 11 (Barron's fact sheet).

[8] ECF # 23, Attachment (Commissioner's charts).

[9] ECF # 25.

[10] Transcript (Tr.) at 33.

[11] *Id.*

[12] *Id.* at 35.

[13] *Id.* at 37-38.

Physically, Barron claimed that she was unable to work as a result of heart problems, hypertension, thyroid problems, and arthritis.[14] She also reported pain in her legs and back that caused her problems with walking and limited her to being able to sit for only 15 minutes at a time and stand for only 10 minutes.[15]

Mentally, Barron testified that she cannot sleep; she is depressed most of the time, and hears voices.[16] She also stated that she has problems with focus and concentration and that she does not like to be around people.[17]

From that testimony, as well as from consideration of medical clinical and opinion evidence, the ALJ found that Barron had the following severe impairments: mild cardiac enlargement with a history of congestive heart failure; asthma; sleep apnea; obesity; lumbar neuritis; lumbar spondylosis; L4-5 bulge with no stenosis; osteoarthritis of the lower extremities; psychosis, NOS; major depressive disorder; panic disorder without agoraphobia; and history of cocaine dependence.[18]

---

[14] *Id.* at 16.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 13.

Nonetheless, relying on clinical findings, Barron's testimony about her activities of daily living and the reports of state reviewing and consultative examiners, the ALJ concluded that none of Barron's severe impairments met or equaled a listing.[19]

Relying on that same evidence, the ALJ determined that Barron had the following residual functional capacity (RFC):

> [Barron] has the residual functional capacity to perform light work ... that includes lifting or carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing and/or walking for about 6 hours in an 8-hour workday; and pushing/pulling unlimited, other than the weight restrictions given above. She is also limited to occasionally climbing, squatting and bending. Furthermore, [Barron] has moderate limitations on adaptability. ("Moderate" meaning that she should avoid intense interpersonal relationships).[20]

Based on the RFC determination, and the testimony of a vocational expert (VE), the ALJ found that Barron was able to perform her past relevant work as a file clerk, mailroom clerk, and account, billing, A/P clerk.[21] With that finding, the ALJ concluded that Barron was not disabled and denied her application.[22]

**B.     Issues on judicial review**

Barron raises three issues for judicial review:

- The ALJ found at step four that Plaintiff had the physical capability to return to work at a light exertional level, with additional restrictions. This finding lacks substantial evidence because the ALJ did not include

---

[19] *Id*. at 14-16,

[20] Tr. at 16.

[21] *Id*. at 21.

[22] *Id*. at 22.

all the restrictions set forth in the State agency assessment upon which he relied to formulate his residual functional capacity; the ALJ neglected to include restrictions on stooping and crouching, as well as upon kneeling and crawling. Dr. Price opined that Plaintiff should not do bending or stooping at all, but the ALJ only limited Plaintiff to occasional bending and stooping.[23]

•　　The ALJ assessed Plaintiff to have only a single psychological limitation, a "moderate" limitation in adaptability, based on the report of Dr. Zerba. This finding lacks substantial evidence, in that Dr. Zerba's report does not contain such a limitation, but rather finds a moderate limitation in Plaintiff's ability to withstand the stress and pressures of work. The ALJ did not address Dr. Zerba's limitations on withstanding stress and pressure.[24]

•　　The ALJ found at step four that Plaintiff could return to what he described as Plaintiff's past relevant work as a file clerk, mailroom clerk or account billing A/P clerk. The record does not support that these jobs qualified as past relevant work by duration or by amounts earned.  Having erred at step 4, the ALJ thereafter neglected to apply Medical-Vocational Rule 202.06 at step 5, which would have resulted in a finding of disability.[25]

## Analysis

### A.　　Standard of review – substantial evidence

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is

---

[23] ECF # 18 at 1.

[24] *Id*.

[25] *Id*. at 2.

limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[26]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[27] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[28]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.  Substantial evidence supports the Commissioner's decision on past relevant work, and this finding moots the other issues raised.**

The third issue of past relevant work is dispositive here. If the Commissioner is correct that the three office clerk positions constitute Barron's past relevant work, her

---

[26] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[27] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[28] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

arguments that additional exertional and psychological restrictions were improperly excluded become moot because those limitations have no bearing on the jobs included in the past relevant work.[29]

At issue here is the proof required to establish past relevant work. While Barron seeks to find a basis for questioning the ultimate finding,[30] the matter turns on the fact, as the Commissioner points out, that, absent objection on the record, the ALJ is entitled to rely on a VE's testimony as to what constituted a claimant's past relevant work.[31] As the Commissioner sets forth in detail, the record before the ALJ was uncontested as concerns the three office clerk positions being Barron's past relevant work.[32] As such, Barron's current assertions that the VE's summary was imprecise,[33] that she did not perform these jobs long enough to establish them as past relevant work,[34] or that she did not perform them at the level of substantial gainful activity[35] are insufficient to create error in the Commissioner's conclusion, which I here affirm as supported by substantial evidence.

---

[29] Tr. at 53, 57.

[30] *See*, ECF # 18 at 17-19.

[31] ECF # 23 at 17 (citing cases).

[32] *Id*. at 17-18.

[33] ECF # 18 at 17-18.

[34] *Id.* at 18-19.

[35] *Id.*

## Conclusion

For the foregoing reasons, I find that the Commissioner's decision here is supported by substantial evidence and is, therefore, affirmed.

IT IS SO ORDERED.


Dated:   September 28, 2012                    s/ William H. Baughman, Jr.
                                               United States Magistrate Judge